## WATSON SHIELDS v. STATE.

No. A-6064. Opinion Filed July 14, 1928.
(268 Pac. 1114.)

King & Crawford, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, for brevity hereinafter called defendant, was convicted in the district court of Pontotoc county of manslaughter in the first degree, and his punishment fixed at imprisonment in the state penitentiary for a term of four years.

On the date charged a pachofa or stomp dance was given at the home of defendant, who is a full-blood Choctaw Indian. The dance commenced about 6 o'clock in the evening, and there was considerable drinking among some of the participants. The deceased, Oscar Harjo, half Chickasaw and half Seminole, a brother-in-law of defendant, was in attendance drinking whisky, alcohol rub, or canned heat. The evidence is conflicting as to the particular stimulant. During the dance a fight occurred between Harjo and defendant, in which Ben Alexander, a companion of Harjo, also took some part. There is evidence that Harjo had a club and made threats against defendant. Defendant went away and went to a neighbor's house and attempted to borrow a gun and, not procuring

one there, went to another neighbor's and borrowed a shotgun, stating that Harjo and Alexander were attempting to run them away from home. There is testimony that as defendant returned near his home he gave a "whoop," presumably an Indian battle challenge. He, however, denied that, but said he heard some boys "whoop." When near his home with a shotgun, he was met by Harjo, who had a club, accompanied by several other Indian men and women, evidently expecting a conflict. He fired one time with a shotgun, wounding Harjo in the leg; the shot penetrating the femoral artery, from which he died in a few hours. The testimony varies as to the distance between defendant and deceased at the time the shot was fired, some witnesses making it ten feet and others much farther. The defense is self-defense.

It is argued that the evidence is insufficient to sustain the conviction, but clearly discloses that defendant acted in his necessary self-defense. We have examined the evidence with care. It is conflicting in many of its details and indicates that the dance became a drunken row, so it is extremely difficult to arrive at what occurred. The case is rather close on the facts. But viewed from the standpoint of the state there is sufficient to make out a case of manslaughter, and since the jurors are the judges of the weight of the evidence and the credibility of the witnesses, we are not at liberty to disturb the judgment for insufficiency of evidence.

Complaint is made that the court's instructions Nos. 4, 5, and 6 are prejudicially erroneous. We think it unnecessary to quote these instructions. No. 4 in substance states the law of self-defense, that defendant had the right to use all necessary force even to the taking of human life to resist an assault or

threatened assault by deceased which created a reasonable apprehension in the mind of the defendant that he was about to suffer death or great bodily harm, but that the danger or apparent danger must be present, urgent, and impending, and if at the time the fatal shot was fired deceased was not near enough to endanger the life of defendant or to create an apprehension that his life was in danger, then defendant could not invoke the right of self-defense. The grammatical construction of this instruction might be subject to some criticism, but the right of self-defense is stated fully as favorable to defendant as the law warrants.

Instruction No. 5 relates to the defense of habitation and of family; No. 6 informs the jury in substance that the fact of a fist fight between deceased and defendant prior to the homicide, and that deceased was intoxicated and disturbing the peace and had procured a stick and made threats against defendant, would not alone justify defendant in procuring a gun and shooting him. There is no such substantial error in any of these instructions as would warrant a reversal. A careful consideration of the record convinces us that defendant was fairly tried and the issues fairly submitted. The punishment assessed is not excessive, and no reason is made to appear why this court should interfere with the verdict and judgment.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.